# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HANNAH YOUNG, an individual; ARIANA PALMACCIO, an individual; FIREARMS POLICY COALITION, INC.; and NATIONAL RIFLE ASSOCIATION OF AMERICA,<br><br>            Plaintiffs,<br><br>    v.<br><br>JAMES OTT, in his official capacity as Sheriff of Blair County, Pennsylvania; BRIAN SZUMSKI, in his official capacity as Sheriff of Luzerne County, Pennsylvania; and COLONEL CHRISTOPHER PARIS, in his official capacity as Commissioner of the Pennsylvania State Police,<br><br>            Defendants. | Civil Action No.: |

## COMPLAINT FOR DECLARATORY, INJUNCTIVE, OR OTHER RELIEF

Plaintiffs Hannah Young, Ariana Palmaccio, Firearms Policy Coalition, Inc. ("FPC"), and National Rifle Association of America ("NRA") (collectively, "Plaintiffs"), by and through undersigned counsel, bring this complaint against Defendants and allege as follows:

### INTRODUCTION

1.      "[T]he Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside the home." *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 10 (2022). This right presumptively "belongs to all Americans,"

not "an unspecified subset." *District of Columbia v. Heller*, 554 U.S. 570, 580, 581 (2008). Indeed, the fundamental constitutionally protected right "to keep and bear arms" secured to "the people" under the Second and Fourteenth Amendments to the United States Constitution "presumptively encompass[es] all adult Americans, including 18-to-20-year-olds[.]" *Lara v. Comm'r Pennsylvania State Police*, 91 F.4th 122, 127 (3d Cir. 2024).

2.      Thus, adults like and including the Plaintiffs in this case—peaceable people who are not otherwise disqualified from possessing or carrying firearms under federal or state law—are squarely among "the people" to whom the Second Amendment "guarantee[s] the individual right to possess and carry" firearms for lawful purposes, *Heller*, 554 U.S. at 635, including "in case of confrontation," *id.* at 592.

3.      On their eighteenth birthday, the Plaintiffs in this case became legal adults for almost all purposes and certainly for the purpose of exercising their other constitutionally protected rights. They can vote, enter into contracts, and get married. They can join the military to fight and die for their country. And as adults, there are no parents or other legal guardians legally responsible for their care and protection. Yet, the laws challenged in this case prevent Plaintiffs from exercising their Second Amendment protected rights on par with all other law-abiding adult Americans.

4.      Despite the Second Amendment's fundamental guarantee to "*the people*" of the Nation, the Commonwealth of Pennsylvania generally prohibits carrying or transporting a firearm, including a handgun, outside the home either concealed on one's person or transported in one's vehicle without a license issued in accordance with the Commonwealth's Uniform Firearms Act ("UFA"). 18 Pa. Const. Stat. § 6101, *et seq.*

Therefore, the only lawful avenue to exercise one's right to carry firearms in this manner is to apply for and obtain a "license to carry a firearm" ("LTCF").

5.      The process to apply for and be issued or denied a license is dictated by the statutory scheme, which charges the Sheriff in the county of the applicant's residence (or the chief of police for those in the City of Philadelphia) with the duty of accepting, processing, and granting or denying the applications, and thereafter monitoring licensees for continued compliance with the scheme. Pa.C.S. § 6109(b), (d), (e), (g), (i), & (i.1).

6.      Adults under 21 years of age, however, are flatly declared ineligible to apply for or obtain a LTCF by the Commonwealth. 18 Pa.C.S. § 6109(b) ("An individual *who is 21 years of age or older* may apply to a sheriff for a license to carry a firearm concealed on or about his person or in a vehicle within this Commonwealth.") (italics added).

7.      Consequently, the government officials charged with administering the licensure process at the local level—including the local Defendants here—routinely refuse to issue LTCFs to adults under the age of 21. *See, e.g.,* Blair County Sheriff's Office website, License to Carry, https://blairpa.permitium.com/ccw/start ("To Apply for a License to Carry Permit at the Blair County Sheriff's Office, the applicant must: [¶] be twenty-one (21) years of age"); Luzerne County website, Licensing Division, https://shorturl.at/BDCVF ("To Apply for a License to Carry Permit at the Luzerne County Sheriff's Office, the applicant must: [¶] be twenty-one (21) years of age").

8.      Therefore, Plaintiffs here and similarly situated 18-to-20-year-old adult Pennsylvania-resident members of Plaintiffs FPC and NRA are precluded from obtaining a LTCF and consequently precluded from lawfully exercising their right to keep and bear

arms outside the home for self-defense and other lawful purposes as they are entitled to under the Constitution.

9.    All such individuals, including Plaintiffs and FPC's and NRA's similarly situated Pennsylvania-resident members, remain under a clear and continuing threat of criminal sanction should they attempt to engage in any such activities without the statutorily-mandated LTCF that they are statutorily ineligible to obtain under this statutory scheme which indiscriminately establishes a carry ban against this entire age group (i.e., 18 Pa.C.S. §§ 6016, 6108, 6109, 6119, and the related laws, regulations, customs, and policies implementing and enforcing the same; collectively referred to herein as the "Carry Ban" or "Ban").

10.    As a further consequence, individuals such as the Plaintiffs in this case cannot apply for and obtain the license that is essential to be exempt from the general prohibitions under the federal "Gun-Free School Zones Act" against carrying a firearm on or within 1,000 feet of the "ground of a public, parochial or private school," which includes any "school which provides elementary or secondary education." *See* 18 U.S.C. § 922(q)(2)(A)-(B).

11.    Plaintiffs thus seek relief to have this age-based prohibition declared unconstitutional and permanently enjoined.

## JURISDICTION AND VENUE

12.    This Court has jurisdiction over this matter under 28 U.S.C. § 1331 and 28 U.S.C. § 1343, because this Complaint seeks relief afforded by 42 U.S.C. § 1983, for past,

continuing, and/or imminent violations of Plaintiffs' rights arising under the United States Constitution.

13.    Venue is proper under 28 U.S.C. § 1391.

## THE PARTIES

*Plaintiff Hannah Young*

14.    Plaintiff Hannah Young is a natural person, over the age of 18 but under the age of 21, a citizen of the United States, and a resident of Blair County, Pennsylvania.

15.    Plaintiff Young is legally eligible to possess and acquire firearms under state and federal law. She has never been charged with nor convicted of any misdemeanor or felony offense, let alone one prohibiting her from possessing or acquiring firearms.

16.    Plaintiff Young is a responsible, peaceable, law-abiding citizen with no history of mental illness, violent behavior, or other conduct posing any threat or danger to herself or any member of the public.

17.    Plaintiff Young desires to apply for a LTCF and would do so if the Commonwealth permitted her to do so, but she is prohibited from applying for a LTCF because she is under 21 years of age.

18.    Plaintiff Young has therefore refrained from carrying a firearm in public for self-defense in Pennsylvania because of the Commonwealth's laws and regulatory scheme challenged herein.

19.    Apart from the age requirement, Plaintiff Young satisfies all criteria for a LTCF in Pennsylvania.

20.    Plaintiff Young is a member of Plaintiffs FPC and NRA.

### *Plaintiff Ariana Palmaccio*

21.    Plaintiff Ariana Palmaccio is a natural person, over the age of 18 but under the age of 21, a citizen of the United States, and a resident of Luzerne County, Pennsylvania.

22.    Plaintiff Palmaccio is legally eligible to possess and acquire firearms under state and federal law. She has never been charged with nor convicted of any misdemeanor or felony offense, let alone one prohibiting her from possessing or acquiring firearms.

23.    Plaintiff Palmaccio is a responsible, peaceable, law-abiding citizen with no history of mental illness, violent behavior, or other conduct posing any threat or danger to herself or any member of the public.

24.    Plaintiff Palmaccio desires to apply for a LTCF and would do so if the Commonwealth permitted her to do so. However, Plaintiff Palmaccio is prohibited from applying for a LTCF because she is under 21 years of age.

25.    Plaintiff Palmaccio has therefore refrained from carrying a firearm in public for self-defense in Pennsylvania because of the Commonwealth's laws and regulatory scheme challenged herein.

26.    In fact, Plaintiff Palmaccio previously applied for and was denied a LTCF by the office of Defendant Szumski, Luzerne County Sheriff, based solely on her age.

27.    Apart from the age requirement, Plaintiff Palmaccio satisfies all criteria for a LTCF in Pennsylvania.

28.    Plaintiff Palmaccio is a member of Plaintiffs FPC and NRA.

*Plaintiff Firearms Policy Coalition*

29.    Plaintiff FPC is a nonprofit membership organization incorporated in Delaware with a primary place of business in Clark County, Nevada. Plaintiff FPC works to create a world of maximal human liberty and freedom and to promote and protect individual liberty, private property, and economic freedoms. It seeks to protect, defend, and advance the People's rights, especially but not limited to the inalienable, fundamental, and individual right to keep and bear arms and protect the means by which individuals may exercise the right to carry and use firearms. Plaintiff FPC serves its members and the public through legislative advocacy, grassroots advocacy, litigation and legal efforts, research, education, outreach, and other programs. Plaintiff FPC's members reside both within and outside the Commonwealth of Pennsylvania. Plaintiff FPC brings this action on behalf of its Pennsylvania-resident members who are between 18 and 20 years of age, who are legally eligible to possess and acquire firearms, and who wish to apply for a LTCF.

*Plaintiff National Rifle Association of America*

30.    Plaintiff NRA is a nonprofit corporation organized under the laws of the State of New York with its principal place of business in Fairfax, Virginia. Plaintiff NRA is America's oldest civil rights organization and a foremost defender of Second Amendment rights. It was founded in 1871 by Union generals who, based on their Civil War experiences, sought to promote firearms marksmanship and expertise amongst the citizenry. Today, Plaintiff NRA is America's leading provider of firearms marksmanship and safety training for both civilians and law enforcement. Plaintiff NRA has millions of members across the nation, including in Pennsylvania. Plaintiff NRA brings this action on

behalf of its Pennsylvania-resident members who are between 18 and 20 years of age, who are legally eligible to possess and acquire firearms, and who wish to apply for a LTCF.

***Defendant James Ott***

31.    Defendant James Ott is the Sheriff of Blair County, Pennsylvania, the county of Plaintiff Young's residence.

32.    In his capacity as Blair County Sheriff, Defendant Ott is charged with investigating and determining the applicant's background and eligibility for a LTCF. 18 Pa.C.S. § 6109(d).

33.    Based on this investigation, as Sheriff, Defendant Ott is charged with the responsibility of granting or denying the applications for a LTCF in Blair County, and he is charged with the responsibility of issuing LTCFs for those Blair County residents whose applications are granted. 18 Pa.C.S. § 6109(e) & (g).

34.    Defendant Ott, as Sheriff, is further charged with the responsibility of revoking LTCFs when grounds for doing so arise. 18 Pa.C.S. § 6109(i) & (i.1).

35.    As Sheriff, Defendant Ott is actively implementing and enforcing the Carry Ban in Blair County. The public-facing website that Defendant Ott maintains as Sheriff declares as follows:

> To Apply for a License to Carry Permit at the Blair County Sheriff's Office, the applicant must:
>
> - be a citizen or a naturalized citizen;
> - be twenty-one (21) years of age;
> - be a resident of Blair County

Blair County Sheriff's Office website, License to Carry, https://blairpa.permitium.com/ccw/start; *PSP v. McPherson*, 831 A.2d 800, 803 (Pa.

8

Cmwlth. Ct. 2003) ("The decision to issue a license is solely for the sheriff, *subject to certain absolute statutory prohibitions*.").

36.    Defendant Ott is sued in his official capacity as Blair County Sheriff.

***Defendant Brian Szumski***

37.    Defendant Brian Szumski is the Sheriff of Luzerne County, Pennsylvania, the county of Plaintiff Palmaccio's residence.

38.    In his capacity as Luzerne County Sheriff, Defendant Szumski is charged with investigating and determining the applicant's background and eligibility for a LTCF. 18 Pa.C.S. § 6109(d).

39.    Based on this investigation, as Sheriff, Defendant Szumski is charged with the responsibility of granting or denying the applications for a LTCF in Luzerne County, and he is charged with the responsibility of issuing LTCFs for those Luzerne County residents whose applications are granted. 18 Pa.C.S. § 6109(e) & (g).

40.    Defendant Szumski, as Sheriff, is further charged with the responsibility of revoking LTCFs when grounds for doing so arise. 18 Pa.C.S. § 6109(i) & (i.1).

41.    As Sheriff, Defendant Szumski is actively implementing and enforcing the Carry Ban in Luzerne County. The public-facing website that Defendant Szumski maintains as Sheriff declares, in pertinent part, as follows:

> To Apply for a License to Carry Permit at the Luzerne County Sheriff's Office, the applicant must:
>
> •    be a citizen or a naturalized citizen;
> •    be twenty-one (21) years of age;
> •    be a resident of Luzerne County

Luzerne County website, Licensing Division, https://shorturl.at/BDCVF; *PSP v. McPherson*, 831 A.2d 800, 803 (Pa. Cmwlth. Ct. 2003) ("The decision to issue a license is solely for the sheriff, *subject to certain absolute statutory prohibitions*.") (italics added).

### Defendant Christopher Paris

42.    Colonel Christopher Paris is the head and Commissioner of the Pennsylvania State Police ("PSP").

43.    In his capacity as PSP Commissioner, Defendant Paris "exercises command, administrative, and fiscal authority over the Pennsylvania State Police." Official Website of Commonwealth of Pennsylvania, https://www.pa.gov/en/agencies/psp/about-psp/leadership.html ("PA Official Website").

44.    In connection with his command over the PSP, Defendant Paris is responsible for the implementation, execution, and administration of the Uniform Firearms Act, 18 Pa.C.S. § 6101, *et seq.*, the Pennsylvania Instant Check System ("PICS"), the PSP's system, and the implementing laws, regulations, customs, practices, and policies of the PSP and the Commonwealth, as all the same relate to the implementation and enforcement of the Carry Ban that prevents law-abiding 18-to-20-year-olds from obtaining a LTCF as a necessary prerequisite to the lawful concealed carry of a firearm in the Commonwealth.

45.    Defendant Paris is sued in his official capacity as PSP Commissioner.

### GENERAL ALLEGATIONS

46.    Plaintiffs incorporate herein by reference all the foregoing paragraphs as if fully set forth herein.

47.    In the Commonwealth of Pennsylvania, it is generally illegal to carry a firearm in a vehicle or concealed on one's person (except in one's own "place of abode or fixed place of business") "without a valid and lawfully issued license" pursuant to the UFA. 18 Pa.C.S. § 6106(a). Further, it is generally illegal to carry a firearm in any manner (concealed or open) "in a city of the first class," unless a person "is licensed to carry a firearm" or "exempt from licensing under section 6106(b)." 18 Pa.C.S. § 6108. A "city of the first class" is one with a population of one million or more. 53 P.S. § 101. Philadelphia constitutes a city of the first class, with a population of over 1.5 million. *See* Official website of the United States Census Bureau, https://www.census.gov/quickfacts/philadelphiacitypennsylvania.[1]

48.    "The application for a license to carry a firearm shall be uniform throughout this Commonwealth and shall be on a form prescribed by the Pennsylvania State Police." 18 Pa.C.S. § 6109(c). "Issuing authorities shall use only the application form prescribed by the Pennsylvania State Police." *Id.*

49.    This is done through the Sheriff in the county of the person's residence (or the chief of police in the City of Philadelphia). 18 Pa.C.S. § 6109(b); PA Official Website, https://shorturl.at/Bxuh2 (Who can apply for a Pennsylvania License to Carry?) ("Submit applications to the sheriff of the county where you live. If you live in a city of the first class (Philadelphia), submit applications to the chief of police.").

---

[1]    Philadelphia is currently the only "city of the first class," as the next largest city in Pennsylvania is Pittsburgh with a current population of just over 300,000. *See id.*, https://www.census.gov/quickfacts/fact/table/pittsburghcitypennsylvania.

50.    "Background checks are conducted through the PICS to determine an individual's eligibility to obtain a license to carry firearms." Pennsylvania State Police Annual Report 2022, https://shorturl.at/3gLVu, at 5.

51.    Pennsylvania declares all adults under 21 ineligible to apply for or obtain a LTCF, however: "A person who is 21 years of age or older may apply for a License to Carry Firearms." PA Official Website, https://shorturl.at/Bxuh2 (Who can apply for a Pennsylvania License to Carry?); 18 Pa.C.S. § 6109(b) ("An individual *who is 21 years of age or older* may apply to a sheriff for a license to carry a firearm concealed on or about his person or in a vehicle within this Commonwealth.") (italics added).

52.    "Carrying a firearm concealed on the body, except in your home or fixed place of business, without a valid license is a felony of the third degree." PA Official Website, https://shorturl.at/Bxuh2 (Are there exceptions to carrying a firearm without a Pennsylvania License to Carry?); 18 Pa.C.S. §6106(a). A conviction carries a term of incarceration of up to seven years. *Id.*

53.    "It is a misdemeanor of the first degree when a person without a valid license carries a firearm concealed on their body, except in their home or fixed place of business, if they committed no other criminal violation and are otherwise eligible to possess a license." PA Official Website, https://shorturl.at/Bxuh2 (Are there exceptions to carrying a firearm without a Pennsylvania License to Carry?); 18 Pa.C.S. §§ 6108, 6119. A conviction may be punished by up to 5 years' imprisonment. *Id.*

54.    A conviction of either of these crimes would render the Individual Plaintiffs, and all similarly situated Pennsylvania-resident FPC and NRA members, prohibited

persons who would thereafter be unable to lawfully purchase, possess, and utilize firearms and ammunition pursuant to 18 U.S.C. § 922(g)(1).

55.    Closing off the ability of adults under 21 to obtain a license to carry a concealed firearm, as Pennsylvania does in mandating that any applicant for a LTCF be "21 years of age or older," 18 Pa.C.S. § 6109(b), has a real and practical impact on the constitutional right to carry a firearm in public for self-defense. The Commonwealth's age mandate not only subjects adults like Plaintiffs to criminal sanctions under state law for any attempt to carry concealed in public, and any attempt to carry concealed or openly while in any "city of the first class," for lawful purposes, 18 Pa.C.S. §§ 6108, 6109, but also to criminal sanctions under the federal "Gun-Free School Zones Act" that generally prohibits the carrying of a firearm within a certain distance of a school, *see* 18 U.S.C. § 922(q)(2)(A)-(B). This Act makes it "unlawful for any individual knowingly to possess a firearm that has moved in or that otherwise affects interstate or foreign commerce at a place that the individual knows, or has reasonable cause to believe, is a school zone." 18 U.S.C. § 922(q)(2)(A). In Pennsylvania, a "school zone" is generally deemed to include any area "within 1000 feet of the real property on which is located a public, private or parochial school or a college or a university." *Com. v. Williams*, 955 A.2d 386, 390 (Pa. Sup. 2008). And courts generally interpret "school" broadly so as to include "not only the school building itself," but also "all of the school property located in a zone where children have access such as a school playground." *Com. v. Davis*, 734 A.2d 879, 883 (Pa. Sup. 1999).

56.    The "Gun-Free School Zones Act" provides an exemption for this "school zone" carry prohibition where "the individual possessing the firearm is licensed to do so

by the State in which the school zone is located or a political subdivision of the State, and the law of the State or political subdivision requires that, before an individual obtains such a license, the law enforcement authorities of the State or political subdivision verify that the individual is qualified under law to receive the license." 18 U.S.C. § 922(q)(2)(B)(ii). Neither this prohibition nor the Commonwealth's age limitation for LTCFs contains any exemption for open carry or "constitutional carry" (i.e., permitless carry). *See United States v. Allam*, 677 F. Supp. 3d 545, 566–67 & nn.30–31 (E.D. Tex. 2023) (the "requirement that the permit be issued by the state in which the school is located has significant implications" because the federal exemption "does not provide an exclusion for individuals who choose to engage in 'constitutional carry'" and the federal government does not recognize "reciprocity alone" as a basis for the exemption).

57.    "The commonwealth's K-12 education system serves more than 1.7 million students. Pennsylvania's 500 school districts range in size from approximately 200 students to more than 140,000 students. In addition to traditional public schools, more than 160 brick-and-mortar charter schools and 14 cyber charter schools are responsible for educating 135,000 students. Pennsylvania's 29 Intermediate Units (IUs) provide special education, professional development, and technical assistance services to school districts, charter schools, and private schools. Career and technical education programs are provided at 136 high schools and 84 career and technical centers, offering over 1,720 approved programs of study to more than 66,000 students." PA Official Website, https://www.pa.gov/en/agencies/education/resources/types-of-schools.html.

58.     Indeed, there are over three thousand public schools in Pennsylvania. *See* PA Dept. of Education, Data Collection Team, 2023-2024, https://shorturl.at/VirFN. *See also* PA Official Website, https://www.pa.gov/en/agencies/education/resources/types-of-schools.html.

59.     And there are even more private and charter schools. *See* https://shorturl.at/1Uqdg.

60.     There are hundreds of school districts in Pennsylvania—see Figure 1, below, an image of the State taken from the Commonwealth's "Public Schools - Interactive Map", available at PA Official Website, https://www.pa.gov/en/agencies/education/resources/types-of-schools.html—within which are thousands of school zones. Each school property has an invisible 1,000-foot boundary, and within that, absent a license, an individual carrying a firearm for lawful purposes, including by driving through, is at risk of felony prosecution.

**<u>Figure 1</u>**



61.    Plaintiffs are law-abiding, responsible citizens who wish to exercise their constitutionally protected right to bear arms in public for lawful purposes, including immediate self-defense in case of confrontation. But access to that right depends on having a LTCF because of Pennsylvania's legislative choices and the federal regulatory scheme discussed herein, which subject adults, like Plaintiffs, to criminal sanction under state or federal law absent a valid license issued by the state in which the carriage takes place. The Commonwealth's regulatory scheme, however, deprives Plaintiffs of any lawful path to do so. Thus, these adults are denied their constitutional right to bear arms.

**IMPACT ON PLAINTIFFS**

62.    Plaintiffs incorporate herein by reference all the foregoing paragraphs as if fully set forth herein.

63.    Plaintiff Young is 19 years old, with a date of birth of February 21, 2005.

64.    Plaintiff Young lives and works in the City of Altoona, Pennsylvania.

65.    Plaintiff Young works at a mental health clinic where patients are treated with medications for mental health conditions.

66.    The patients sometimes become angry or frustrated with the clinic staff over the type or dosages of their medications, which gives Plaintiff Young concern that they may follow her into the parking lot or follow her home after work and threaten her safety.

67.    Plaintiff Young also commonly travels alone by car and foot through the downtown area of Altoona and other areas that are known for high instances of crime and are reputed as generally unsafe to traverse alone.

68.     Plaintiff Young has felt threatened in walking alone to and from her car in parking lots of stores where loitering men have directed sexual or unwelcome comments towards her.

69.     Additionally, Plaintiff Young regularly travels alone through, around, and within 1,000 feet of designated "school zones," where she also desires to secure her personal safety against threats she may encounter while traversing such areas alone.

70.     Plaintiff Young similarly desires to secure her personal safety in the same manner while traversing through any "city of the first class," such as Philadelphia where she intends to travel with her mother, particularly because of the greater population density which increases the inherent risks to one's personal safety.

71.     Based on these concerns for her personal safety and security, Plaintiff Young desires to obtain a license to carry a firearm from Defendant Ott, her County Sheriff, but has been deterred and remains deterred from applying since Defendant Ott's website makes clear her application would inevitably be denied with its clear declaration that applicants must be at least 21 years of age. https://blairpa.permitium.com/ccw/start.

72.     Plaintiff Young has consequently abstained from the conduct in which she and other adults under 21 are prohibited from engaging under the Ban—she has not even attempted the concealed carry of a firearm without a LTCF—reasonably fearing arrest, prosecution, incarceration, and/or fines, under 18 Pa.C.S. §§ 6106, 6108, and 6109, which Defendants have enforced and are continuing to enforce, should she attempt to engage in any such conduct.

73.     Plaintiff Palmaccio is 19 years old, with a date of birth of May 1, 2005.

74.     Plaintiff Palmaccio currently lives at her parents' home in the City of Freeland, County of Luzerne.

75.     Plaintiff Palmaccio is pregnant and regularly travels alone to and from the Wilkes-Barre area to visit her fiancé (and father of her child) who lives there.

76.     Plaintiff Palmaccio makes the trips to and from Wilkes-Barre in her car (an approximate 45-minute trip each way), passing through the downtown area of Wilkes-Barre and other areas that are known for high instances of crime and are reputed as generally unsafe to traverse alone.

77.     Sometimes Plaintiff Palmaccio is required to drive to and from the downtown area of Wilkes-Barre and walk along the streets there alone, such as when she needs access to goods or services only available in this area and her fiancé is working or otherwise unavailable to accompany her.

78.     During one such instance in April or May of 2024, Plaintiff Palmaccio was walking along a street when she encountered two men who began "catcalling" at her and making other implicitly threatening statements that placed her in fear of her personal safety until she was able to create a substantial distance between herself and them.

79.     Additionally, Plaintiff Palmaccio works periodically as an excavator for her father's company, which installs septic systems needed in rural areas.

80.     For this job, Plaintiff Palmaccio drives alone to and from East Stroudsburg, which is about an hour to an hour-and-a-half drive each way, at least once a week.

81.     In traveling back and forth from East Stroudsburg, Plaintiff Palmaccio passes through other areas known for their high instances of crime and reputed as generally unsafe to traverse alone, especially as a small female.

82.     Plaintiff Palmaccio works alone at the jobsites, operating the heavy excavator machinery that her father transports to the sites.

83.     Wildlife in the rural area of the jobsites, including black bears, pose an ongoing threat to humans, which places Plaintiff Palmaccio's personal safety at risk.

84.     In one instance earlier this year, a black bear approached Plaintiff Palmaccio's jobsite, placing her safety in jeopardy.

85.     Being a small female working alone in a rural area also renders Plaintiff Palmaccio generally at risk for physical or sexual assault by criminals and opportunists who target vulnerable individuals.

86.     Plaintiff Palmaccio is particularly concerned about these risks to her personal safety now that she is pregnant and must protect her unborn child, just as she will fear for and wish to secure the safety of the child after its birth.

87.     Additionally, Plaintiff Palmaccio regularly travels alone through, around, and within 1,000 feet of designated "school zones," where she also desires to secure her personal safety against threats she may encounter while traversing such areas alone.

88.     Plaintiff Palmaccio similarly desires to secure her personal safety in the same manner while traversing through any "city of the first class," such as Philadelphia where some of her relatives reside, particularly because of the greater population density which increases the inherent risks to one's personal safety.

89.    Based on these concerns for personal safety and security, Plaintiff Palmaccio attempted to obtain a LTCF from Defendant Szumski, her County Sheriff, on or about April 26, 2024, but her application was refused on the basis of her age alone (i.e., because she was an adult under the age of 21).

90.    Since then, Plaintiff Palmaccio has continued to monitor the situation in her county through the Luzerne County website, which has continued to declare to the public that individuals "must" "be twenty-one (21) years of age" to be eligible. Luzerne County Website, Licensing Division, https://shorturl.at/BDCVF.

91.    Meanwhile, Plaintiff Palmaccio has abstained from the conduct in which she and other adults under 21 are prohibited from engaging under the Ban—she has not even attempted the concealed carry of a firearm without a LTCF—reasonably fearing arrest, prosecution, incarceration, and/or fines, under 18 Pa.C.S. §§ 6106, 6108, and 6109, which Defendants have enforced and are continuing to enforce, should she attempt to engage in any such conduct.

92.    Plaintiffs FPC's and NRA's similarly situated Pennsylvania-resident adult members under the age of 21 are also responsible, peaceable, law-abiding citizens who are otherwise eligible to lawfully carry and transport firearms throughout the Commonwealth, who wish to exercise their right to carry and transport firearms concealed on their persons for self-defense and other lawful purposes, and who would obtain a LTCF in compliance with the requirement for such a license, but who are being denied the ability to obtain one and subjected to criminal sanction should they attempt to do so without the license that they are precluded from obtaining.

### CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. § 1983
### (SECOND AND FOURTEENTH AMENDMENTS)

93.     Plaintiffs incorporate herein by reference all the foregoing paragraphs as if fully set forth herein.

94.     Pennsylvania's regulatory scheme prohibiting adults under the age of 21 from obtaining LTCFs violates the Second and Fourteenth Amendments. The Second Amendment is applicable to the States through the Fourteenth Amendment. *McDonald v. City of Chicago*, 561 U.S. 742, 750 (2010) (incorporating through Substantive Due Process); *id*. at 805 (Thomas, J., concurring) (incorporating through the Privileges or Immunities Clause).

95.     In determining whether a state's firearm restriction is constitutional, the Supreme Court in *Bruen* explained that "the standard for applying the Second Amendment is as follows: When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." 597 U.S. at 24.

96.     *Bruen* has already established that the Second Amendment covers Plaintiffs' proposed conduct here—carrying arms publicly for self-defense and other lawful purposes. *Id.* at 31–32. As such, the Second Amendment "presumptively protects" Plaintiffs' right to carry firearms in public in Pennsylvania. *Id.* at 24.

97.     It is thus the Commonwealth's burden to "affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Id.* at 19; *see also id.* at 60 ("[W]e are not obliged to sift the historical materials for evidence to sustain New York's statute. That is respondents' burden.").

98.     Pennsylvania cannot meet this burden. There is no well-established and representative historical tradition of restricting the ability to bear arms for law-abiding, responsible adults under the age of 21. Accordingly, the age mandate for obtaining a LTCF in 18 Pa.C.S. § 6109(b) violates the Second Amendment.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiffs respectfully request:

1.     This Court issue a declaratory judgment that the Commonwealth's prohibition in 18 Pa.C.S. § 6109(b) on the issuance of a LTCF to 18-to-20-year-old adults is unconstitutional under the Second and Fourteenth Amendments to the United States Constitution;

2.     This Court enjoin Defendants, Defendants' officers, agents, servants, employees, and attorneys, and all other persons who are in active concert or participation with Defendants from enforcing the prohibition in 18 Pa.C.S. § 6109(b) on the issuance of a LTCF to 18-to-20-year-old adults against Plaintiffs and Plaintiffs Firearms Policy Coalition's and National Rifle Association of America's similarly situated Pennsylvania-resident members;

3.    This Court award costs of suit, including reasonable attorneys' fees under 42 U.S.C. § 1988 and any other applicable law, and all further relief to which Plaintiffs may be justly entitled;

4.    An award of nominal damages against Defendants Ott and Szumski, in their official capacities, for the deprivation of Plaintiffs' constitutional rights as set forth in this Complaint pursuant to 42 U.S.C. § 1983; and

5.    Any and all other and further relief, including legal and equitable relief, against Defendants as necessary to effectuate the Court's judgment, and as the Court otherwise deems just and proper.


Dated: November 22, 2024                    Respectfully submitted,

                                            **GELLERT SEITZ BUSENKELL
                                            & BROWN LLC**

                                            */s/ Gary F. Seitz*
                                            Gary F. Seitz (PA No. 52865)
                                            901 N. Market Street, Suite 3020
                                            Philadelphia, PA 19107
                                            P: (215) 238-0011
                                            E: gseitz@gsbblaw.com

                                            *Counsel for Plaintiffs*

OF COUNSEL:

Raymond M. DiGuiseppe
The DiGuiseppe Law Firm, P.C.
116 N. Howe Street, Suite A
Southport, NC 28461
Email: law.rmd@gmail.com
Phone: 910-713-8804
*Pro Hac Vice application forthcoming*