IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HANNAH YOUNG, et al.,** | :<br>:<br>: |
| Plaintiffs, | :<br>: Case No. 3:24-cv-00274-SLH |
| v. | :<br>: |
| **JAMES OTT, et al.,** | :<br>: |
| Defendants. | :<br>:<br>: |

## **RESPONSE TO NOTICE OF DECISION**

Now that the Third Circuit has denied rehearing en banc in *Lara v. Commissioner, Pennsylvania State Police*, No. 21-1832, *see* Defendant Notice of Decision, Doc. 48 (March 7, 2025), Defendant Paris comes to this Court for a third time to request that this litigation be stayed pending some activity in *Lara*—first for the Third Circuit to decide the case, second for the Third Circuit to address the State's rehearing petition, and now for the State to decide whether to seek cert and, if it does, for that cert petition to be fully resolved. Barring entry of the requested preliminary injunction, the Court should not grant this third request for a stay. Binding circuit precedent requires a ruling in Plaintiffs' favor, there is a fundamental right at stake, and given the time-based nature of the restriction at issue further delay would be prejudicial to the rights of 18-to-20-year-olds implicated in this case—rights, again, that under the binding precedent established by *Lara* are being infringed every day Pennsylvania's restrictive carry laws remain in place.

1. Following the Third Circuit's decision to deny Pennsylvania's petition for rehearing *en banc* in *Lara* on March 6, 2025, the Third Circuit issued the mandate in that case.

2. It is, therefore, the law of this circuit, that "18-to-20-year-olds are, like other subsets of the American public, presumptively among 'the people' to whom Second Amendment rights extend," and furthermore, there is no historical tradition of firearm regulation that would permit Pennsylvania to place special restrictions on the rights of 18-to-20-year-olds to bear arms in public for self-defense. *Lara v. Comm'r Pa. State Police*, 125 F.4th 428, 438, 445 (3d Cir. 2025).

3. Plaintiffs have sought declaratory relief, as well as preliminary and permanent injunctions against special restrictions that Pennsylvania has placed on their right to bear arms in public for self-defense because they are 18-to-20-year-olds. They are, therefore, entitled to relief now, under binding Third Circuit precedent.

4. The State's request to further delay resolution of Plaintiffs' claims—up to a year or more, if certiorari were to be, in fact, granted and the case heard on the merits—is particularly inappropriate in light of the time-bound nature of the injury Individual Plaintiffs are experiencing. Individual Plaintiffs have sued *now* because they are 18-to-20-year-olds *now* and there is a narrow window in which injunctive relief could even be meaningful for them.

5. Plaintiffs are entitled to a permanent injunction in this case under *Lara*. But if this Court were to decide to stay this litigation to any extent, it should first, and at a minimum, enter the preliminary injunctive relief Plaintiffs have requested. Again, under

*Lara* they not only are likely to but are bound to succeed on the merits, and they are irreparably harmed every day Pennsylvania's violation of 18-to-20-year-olds' Second Amendment rights remain in place.

WHEREFORE, Plaintiffs respectfully submit that this Court should not stay this case pending any petition for certiorari in *Lara* without first granting Plaintiffs at least preliminary relief.

Dated: March 11, 2025

Gary F. Seitz (PA 52865)
Gellert Seitz Busenkell & Brown, LLC
1201 N. Orange St.
Wilmington, DE 19801
Telephone: (610) 500-4067
gseitz@gsbblaw.com

Respectfully submitted,

/s/ David H. Thompson
David H. Thompson (DC 450503)*
Peter A. Patterson (DC 998668)*
William V. Bergstrom (DC 241500)*
Athanasia O. Livas (DC 90011199)*
COOPER & KIRK, PLLC
1523 New Hampshire Ave., N.W.
Washington, D.C. 20036
Telephone: (202) 220-9600
Facsimile: (202) 220-9601
dthompson@cooperkirk.com
ppatterson@cooperkirk.com
wbergstrom@cooperkirk.com
alivas@cooperkirk.com

*Admitted *Pro Hac Vice*

*Counsel for Plaintiffs*