IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HANNAH YOUNG, et al., | : <br> : <br> : |
| Plaintiffs, | : <br> : |
| v. | Case No. 3:24-cv-00274-SLH <br> : <br> : |
| JAMES OTT, et al., | : <br> : |
| Defendants. | : <br> : <br> : |

### RESPONSE TO NOTICE OF ADDITIONAL AUTHORITY

Plaintiffs respond to Defendant Paris's Notice of Additional Authority, Doc. 64 (April 23, 2025). The Notice asserts that discovery orders entered in other cases "demonstrate that Commissioner Paris does not forfeit his right to mount a defense merely because this case involves a Second Amendment claim." *Id.* ¶ 13. While that may be true, it does not help the Commissioner here.

First, the Commissioner responded to Plaintiffs' summary judgment motion without invoking or complying with Rule 56(d). He therefore has forfeited any argument that discovery is necessary to respond.

Second, on the merits of the Second Amendment claim, circuit precedent mandates judgment for Plaintiffs. The Commissioner's only justification for taking discovery is his insistence that *Lara v. Comm'r Pa. State Police*, 125 F.4th 428 (3d Cir. 2025), is distinguishable because "open carry is still available to Plaintiffs." Notice at ¶ 10. But, as Plaintiffs have explained, that is not true. *Lara* and this case are about circumstances where

*no form* of carry is permitted without the license that Pennsylvania denies to 18-to-20-year-olds. *See* Pls.' Reply 3–4, Doc. 59 (Apr. 2, 2025).

Third, the Commissioner claims that, notwithstanding *Lara*, he has a right to build a contrary record that could allow the Court to depart from *Lara*'s holding. Notice at ¶ 8. This argument is contrary to the idea of binding precedent, and it is particularly inappropriate here, where the Commissioner *was also* the defendant in *Lara*. He does not identify any historical evidence he overlooked there. And *Lara*'s conclusions were not in any way tentative; despite the motion-to-dismiss posture, the Third Circuit reversed and ordered the challenged law enjoined; it did not remand for the Commissioner to build a historical record. *Lara*, 125 F.4th at 446.

Fourth, even if *Lara* were not binding, historical analysis under the Second Amendment is fundamentally a *legal* analysis that is properly assessed through briefing. Just like *Lara*, both *Heller* and *Bruen* involved appeals from grants of motions to dismiss. Even in that posture, the Supreme Court conducted a fulsome historical analysis and decided the merits of the Second Amendment issues before it.

Dated: April 24, 2025

Gary F. Seitz (PA 52865)
Gellert Seitz Busenkell & Brown, LLC
1201 N. Orange St.
Wilmington, DE 19801
Telephone: (610) 500-4067
gseitz@gsbblaw.com

Respectfully submitted,

/s/ David H. Thompson
David H. Thompson (DC 450503)*
Peter A. Patterson (DC 998668)*
William V. Bergstrom (DC 241500)*
Athanasia O. Livas (DC 90011199)*
COOPER & KIRK, PLLC
1523 New Hampshire Ave., N.W.
Washington, D.C. 20036
Telephone: (202) 220-9600

                                             Facsimile: (202) 220-9601
                                             dthompson@cooperkirk.com
                                             ppatterson@cooperkirk.com
                                             wbergstrom@cooperkirk.com
                                             alivas@cooperkirk.com

                                             *Admitted *Pro Hac Vice*

        *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of April, 2025, a true and correct copy of the foregoing RESPONSE TO NOTICE OF ADDITIONAL AUTHORITY was served upon all parties via CM/ECF system.

*/s/ David H. Thompson*
David H. Thompson
