IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HANNAH YOUNG, et al., | : |
| Plaintiffs, | : |
| v. | : Case No. 3:24-cv-00274-SLH |
| JAMES OTT, et al., | : |
| Defendants. | : |

**JOINT MOTION TO STAY**

Plaintiffs Hannah Young, Ariana Palmaccio, Firearms Policy Coalition, Inc., and National Rifle Association of America, jointly with Defendants James Ott, Brian Szumski, and Colonel Christopher Paris, by and through their undersigned counsel, hereby move to stay this case until the resolution of the pending petition for a writ of certiorari in *Paris v. Lara*, No. 24-1329 (U.S.). In support of a stay, the parties state as follows.

1. This case involves a challenge to Pennsylvania laws that restrict the ability of 18-to-20-year-olds to carry firearms in Pennsylvania.

2. On January 8, 2025 this Court granted Defendant Colonel Christopher Paris's Motion to Stay the above captioned case pending the Third Circuit's forthcoming decision in *Lara, et al. v. Commission, PA State Police*, No. 21-1832, Order Doc. 43 (Jan 8, 2025).

3.  On January 22, 2025, this Court maintained the stay through the Third Circuit's denial of en banc rehearing in *Lara*. Order, Doc. 46 (Jan. 22, 2025).

4.  On January 8, 2025, this Court eventually lifted the stay at Plaintiffs' request on March 12, 2025, and ordered Defendants to file an answer and response to Plaintiffs' motion for preliminary injunction, summary judgment, and to advance the trial on the merits. Mem. Order, Doc. 51 (Mar. 12, 2025). The State had sought to maintain the stay "[i]n the interest of judicial economy … at least until the time for filing a petition for writ of certiorari [in *Lara*] has elapsed," noting that the State was "strongly considering seeking certiorari." Def. Paris' Not. of Decision at 1–2, Doc. 48 (Mar. 7, 2025). Plaintiffs opposed the stay noting that their injuries are time-bound and arguing that *Lara*, as circuit precedent, required the Court to rule in their favor. Pls.' Resp. to Notice of Decision at 2–3, Doc. 50 (Mar. 11, 2025).

5.  Following briefing on the pending motion, the Court decided to advance the trial on the merits and consolidate it with the preliminary injunction hearing. Mem. Order, Doc. 62 (Apr. 17, 2025). Following a case-scheduling conference, the Court set an expedited case schedule that included a close-of-discovery date of August 25, 2025, and a trial date of October 6, 2025.

6.  On June 26, 2025, the State filed a petition for a writ of certiorari in *Paris v. Lara*, No. 24-1329 (U.S.).

7.  "In determining whether a stay of the litigation is appropriate, a court must balance the interests favoring a stay against the interests frustrated by the granting of a stay." *Sager v. Allied Interstate, LLC*, No. 3:18-cv-220, 2021 WL

9406785, at *2 (W.D. Pa. Dec. 21, 2021). In doing so, this court can consider a number of factors, including

> (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether denial of the stay would create a clear case of hardship or inequity for the moving party; (3) whether a stay would simplify the issues and the trial of the case; … (4) whether discovery is complete and whether a trial date has been set[;] … [and] (5) the length of the requested stay.

*Id.* (citation omitted). Each of these factors support granting a stay.

8.  In this case, the first two factors support a stay because the parties are in favor of one—that means that there would be no undue prejudice from *granting* a stay, and the parties agree that there would be prejudice from *denying* a stay. And the parties now support a stay for reasons relevant to the third factor—because it is reasonable to believe that the Supreme Court's disposition of *Lara*—or one of the other pending petitions presenting similar issues—will simplify the issues and trial in this case.

9.  While Plaintiffs previously opposed the State's attempt to continue this Court's stay of proceedings while the State was considering seeking cert in *Lara*, *see* Resp. to Not. of Decision, Doc. 50 (Mar. 11, 2025), the Plaintiffs and Defendants now agree that a stay is appropriate. Specifically, there is a substantial likelihood that the Supreme Court will, next term, take up the question of whether, or to what extent, the Second Amendment rights of 18-to-20-year-olds can be curtailed consistent with the Constitution. The parties agree that continuing to prepare for trial and conduct both fact and expert discovery, when the legal landscape may well be changed or clarified in the near future, is not the best use of either their or the Court's resources.

A stay would, by providing an opportunity for the Supreme Court to weigh in on the central question of this case would "simplify the issues and the trial of the case."

10. While certiorari is, of course, never a sure thing, the parties agree that it seems likely enough here that it is worth a temporary stay. In addition to *Paris*, the parties are aware of two other cases raising similar questions about the scope of the Second Amendment's protections for 18-to-20-year-olds. *See NRA v. Glass*, No. 21-12314 (U.S.); *McCoy v. ATF*, No. 23-2085 (U.S.). The cases represent a split among the circuits about the scope of the Second Amendment's protections of 18-to-20-year-olds—indeed, *McCoy* is based on a split of authority between the Fourth and Fifth Circuits over the constitutionality of the same federal statute barring 18-to-20-year-olds from purchasing handguns from licensed dealers. *See Reese v. ATF*, 127 F.4th 583 (5th Cir. 2025) (holding 18 U.S.C. § 922(b)(1), (c)(1) unconstitutional); *McCoy v. ATF*, 140 F.4th 568 (4th Cir. 2025) (holding 18 U.S.C. § 922(b)(1), (c)(1) constitutional). In such cases, "certiorari is usually granted because of the obvious importance of the case" raising the constitutionality of a federal statute. STEPHEN M. SHAPIRO ET AL., SUPREME COURT PRACTICE 264 (10th ed. 2013).

11. The fourth factor, whether discovery has been completed and whether a trial date has been set, likewise does not counsel against a stay. While a trial date has been set, according to this Court's expedited calendar, discovery has not been completed. Indeed, the State has not yet disclosed its expert(s) and no party has taken fact discovery. (The parties agreed the State could delay production of its expert report(s) pending resolution of this motion.) Of course, what fact discovery is needed,

and what precisely the State's expert report(s) will say, may be substantially affected by any Supreme Court decision on the Second Amendment rights of 18-20-year-olds. Given the relatively early stage of these accelerated proceedings, this factor, too, weighs in favor of a stay.

12. Furthermore, the length of the stay (factor 5) does not weigh against granting the motion. The petition in *Lara* should, on the current schedule, be distributed for the Supreme Court's first conference of the new term on September 29, 2025. If the Court were to deny all of the petitions presenting this issue early in the term, the parties would have lost only about three months and would be able to resume trial preparation quickly. And if the Court were to grant one of the petitions, the Court almost certainly would decide the case by the end of June next year.

WHEREFORE, the Plaintiffs and the State respectfully request that this Court stay all future deadlines in this case pending the Supreme Court's resolution of the currently pending petition for certiorari in *Paris v. Lara*, No. 24-1329 (U.S). The parties propose that, starting October 15, 2025, they provide the Court with a status report every 30 days until such time as the Supreme Court either grants or denies the cert petition in *Lara*.

Dated: July 25, 2025                                            Respectfully submitted,

/s/ David H. Thompson
Bradley Lehman                                                   David H. Thompson (DC 450503)*
Whiteford, Taylor & Preston LLC                                  Peter A. Patterson (DC 998668)*
600 North King Street                                            William V. Bergstrom (DC 241500)*
Suite 600                                                        Athanasia O. Livas (DC 90011199)*
Wilmington, DE 19801                                             COOPER & KIRK, PLLC
Telephone: (302) 295-5674                                        1523 New Hampshire Ave., N.W.

blehman@whitefordlaw.com

Washington, D.C. 20036
Telephone: (202) 220-9600
Facsimile: (202) 220-9601
dthompson@cooperkirk.com
ppatterson@cooperkirk.com
wbergstrom@cooperkirk.com
alivas@cooperkirk.com

*Admitted *Pro Hac Vice*

*Counsel for Plaintiffs*

Amelia J. Goodrich
Deputy Attorney General
(412) 510-1418
agoodrich@attorneygeneral.gov

Margaret A. Potter
Deputy Attorney General
(412)-495-0092
mpotter@attorneygeneral.gov

Jorden P. Colalella
Deputy Attorney General
(412) 565-7680
jcolalella@attorneygeneral.gov

Office of Attorney General
1251 Waterfront Place
Mezzanine Level, Civil Litigation
Pittsburgh, PA 15222

*Counsel for Defendant Paris*

Christopher P. Gabriel
GABRIEL FERA, P.C.
1010 Western Ave., Ste. 200
Pittsburgh, PA 15233
(412) 223-5815
cgabriel@gabrielfera.com

*Counsel for Defendant Ott*

Sean P. McDonough
DOUGHERTY, LEVENTHAL & PRICE, LLP
459 Wyoming Avenue
Kingston, PA 18704
(570) 347-1011
smcdonough@dlplaw.com

*Counsel for Defendant Szumski*

6